UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEREMY JOHNSON,**<br><br>Plaintiff,<br><br>v.<br><br>**PASSAIC COUNTY, HONORABLE MARILYN C. CLARK, HONORABLE RAYMOND A. REDDIN, PROSECUTOR GINA PFUND, GYSELLE DA SILVA, OFFICER NAVARRO, and MIGUEL FELIPE**<br><br>**Defendants.** | Civ. No. 2:13-4363 (KM) (MCA)<br><br>**OPINION** |

**MCNULTY, U.S.D.J.:**

Defendants Marilyn C. Clark (Docket No. 11), Raymond A. Reddin (Docket No. 14), and Passaic County (Docket No. 13) have moved to dismiss the Complaint ("Compl.," Docket No. 1) of *pro se* Plaintiff Jeremy Johnson. For the reasons set forth below, the claims against Judge Clark, Judge Reddin, and the County of Passaic will be dismissed.

**I.   BACKGROUND**

   **A. Plaintiff's Factual Assertions and Claims**

Plaintiff Jeremy Johnson, a resident of Georgia, filed his Complaint in this Court on July 16, 2013.[1] According to his Complaint, Johnson traveled to New Jersey with with his wife and 2-year-old son to visit his in-laws. Compl. ¶ 1. During that visit, he alleges, he was falsely arrested, denied appropriate bail, maliciously prosecuted, and assaulted.

---

[1]   The allegations of the Complaint have not yet been tested by any fact finder. This discussion, as it must, assumes their truth solely for the purpose of analyzing Defendants' Rule 12(b)(6) arguments.

1

The details surrounding Johnson's arrest are not fully set forth in the Complaint. It appears that it arose out of an altercation between Johnson and Defendant Miguel Felipe. Johnson alleges that Felipe arrived "at the dwellings of the Plaintiff" at Sixth Avenue in Paterson on September 5, 2010. Compl. ¶ 8. After entering the home, Felipe physically assaulted Johnson. Johnson "successfully defended himself, physically" against Felipe. "Out of spite, and to retaliate against the Plaintiff," Felipe filed an allegedly false report with the Passaic County Police. *Id.*

According to Johnson, this report led to his false arrest by Defendant Officer Navarro on or around September 15, 2010 for a "disorderly persons offense[,] a violation of a municipal ordinance involving breach of peace." Compl. ¶ 7.[2] It seems that Johnson was in the residence located on Sixth Avenue in Paterson, New Jersey at the time of the arrest. Compl. ¶ 7.[3]

The complaint alleges that, during a bail hearing on September 17, 2010, Superior Court Judge Raymond A. Reddin increased Johnson's bail from "$50,000 with a 10% to $100,000 without 10%." Compl. ¶ 4. He alleges that this bail decision was in error because he had limited resources and did not have a criminal record. He also had a "stable residential and employment history" and thus did not present a risk of flight. *Id.* Apparently, Johnson posted bond and was released.

Eight months later, on Monday, May 16, 2011, Johnson appeared for a status conference before Passaic Vicinage Criminal Division Presiding Judge Marilyn C. Clark. Compl. ¶ 3. During that conference, he alleges, Judge Clark "unlawfully revoked the Plaintiff's bond[,] sending him back into Passaic County Jail." *Id.* This was unlawful, Johnson says, because he had met all of the requirements and conditions of his release and attended every required court appearance. *Id.* That very evening, when in custody, he was attacked and

---

[2]   According to the Complaint, on March 24, 2011, Felipe told Prosecutor Pfund, a defendant here, that he had provided false information to the police. Compl. ¶ 8. Johnson brings a claim against Felipe for filing a false report to law enforcement pursuant to NJSA 2C:28-4. *Id.* Felipe has not yet appeared in this matter.

[3]   Johnson brings a claim of false arrest, illegal search and seizure, and false imprisonment against the arresting officer, Defendant Navarro. Compl. ¶ 7. He also alleges that the Navarro ignored a statement from a witness that Johnson did not commit a crime and that failed to interview two key witnesses that stated that Johnson was innocent of any crime. *Id.* Navarro has not yet appeared in this matter.

physically assaulted by two Passaic County corrections officers.[4] He was then released, "without reason," seventy-two hours later. *Id.* Johnson claims that Judges Clark and Reddin intentionally violated his right to bail provided for in the New Jersey Constitution and in the Eighth Amendment to the United States Constitution. Compl. ¶¶ 3, 4.

Johnson also brings a claim for malicious prosecution against Gina Pfunds, Prosecutor of the Passaic County Domestic Violence Unit. Compl. ¶ 5. He alleges that Pfunds intentionally disregarded confessions of two witnesses who admitted they had falsely accused Johnson. With knowledge of these confessions, Pfunds nevertheless secured an indictment before a grand jury (Docket No. 10-3993). *Id.*

Johnson also brings a claim for abuse of process under New Jersey law and the Eighth Amendment against Gyselle Da Silva, an Assistant Prosecutor in Passaic County. Compl. ¶ 6. According to the Complaint, Da Silva, who worked under Pfund, was responsible for the prosecuting the case against Johnson. Johnson alleges that Da Silva prolonged his prosecution to gain credibility and to further her career by impressing her superior, Pfund. He further alleges that Da Silva used the legal process to compel him to accept a plea offer. *Id.*

Johnson also names as a defendant the County of Passaic, alleging that the County is responsible for the actions of its employees, presumably referring to the individually named Defendants. Compl. ¶ 1.

## B. The Pending Motions

Defendants Judge Clark, Judge Reddin, and the County of Passaic move for dismissal of the claims Johnson brings against them. Docket Nos. 11, 14, 13. The remaining Defendants have not yet appeared, answered, or moved to dismiss the Complaint.

---

[4] Plaintiff cites to a case that he previously brought in this Court against the City of Paterson, the Passaic County Sheriff's Office, J. Teller, and J. Granese. Civil No. 13-cv-0445. Johnson alleged that the two Passaic County Jail Officers attacked him to the point of unconsciousness and subsequently deprived him of food. Because the allegations did not mention the City of Paterson, the case was dismissed as to the city on July 25, 2013. Civil No. 13-cv-0445, Docket No. 17. Thereafter, on November 25, 2013 Plaintiff moved for the case to be voluntarily dismissed. Civil No. 13-cv-0445, Docket No. 23. The Court dismissed the matter with prejudice and granted the remaining motion to dismiss on December 2, 2013. Civil No. 13-cv-0445, Docket No. 24.

As noted above, Johnson alleges that Judges Clark and Reddin intentionally violated his right to bail provided for in the New Jersey Constitution and in the Eighth Amendment to the United States Constitution. Compl. ¶¶ 3, 4.

Judge Clark moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., on the following grounds: This Court lacks jurisdiction because a judge is entitled to sovereign immunity under the 11th Amendment and because judges are not persons amenable to suit under 42 U.S.C. § 1983. To the extent that Plaintiff seeks to have this Court review and overrule rulings in state court proceedings, such action is barred by the *Rooker-Feldman* and *Younger* doctrines. In addition, Plaintiff's claims are barred by the relevant statute of limitations and by the New Jersey Tort Claims Act's notice requirement. Finally, judges are entitled to absolute judicial immunity.

Judge Reddin adds that he has not yet been properly served with the Complaint and Summons. Therefore, under Rule 12(b)(5)), he moves for dismissal for failure to comply with Rule 4(m).

The County of Passaic also moves for dismissal, on the following grounds: The County has not been properly served. The claims are barred by the relevant statute of limitations and by the New Jersey Tort Claims Act's notice requirement. Johnson has failed to state a claim for relief because the County cannot be held liable for the actions of individuals who are not County employees. Finally, Plaintiff has failed to allege any facts to sustain a claim against the entity under Section 1983 *Monell* liability.

## II. DISCUSSION

### A. The Applicable Standards

1. Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations

in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

Defendants Clark's absolute judicial immunity argument constitutes a facial challenge to the jurisdictional basis asserted in the Complaint. Accordingly, the Court will take the allegations of the Complaint as true in considering those arguments. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### 2. Rule 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly*, see infra).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Moreover, when the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

"Under Fed. R. Civ. P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). If the time bar is not apparent from the face of the complaint, "then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.*

### 3. Rule 12(b)(5)/Service of Process

Fed. R. Civ. P 4(e) governs proper service of process. The Rule provides that an individual may be served with the summons and complaint by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[5] or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(m) provides that if

> a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[5] New Jersey Court Rule 4:4–4(a)(1) mirrors the requirements as set forth under Fed. R. Civ. P. 4(e)(2).

6

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the Third Circuit has clarified, Rule 4(m) requires "a court to extend time if good cause is shown" and allows "a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

**B. Analysis**

    1. Service of Process as to Reddin and Passaic County

Johnson filed his Complaint in this Court on July 16, 2013. Under Rule 4(m), Johnson had 120 days from this date—*i.e.*, until November 12, 2013—to serve each Defendant. Fed. R. Civ. P. 4(m). Summonses were issued as to all Defendants except Felipe on July 25, 2013, Docket No. 4, and were returned as executed as to certain Defendants on October 18, 2013, Docket No. 9.

Judge Reddin has not yet been served and Johnson has, therefore, failed to comply with Rule 4(m). As the Process Receipt and Return indicates, Docket No. 9 at 7, when service was attempted on October 2, 2013, there was "no one available to accept process." There is no indication in the record that service on Reddin was ever reattempted.

As to the County, service was clearly inadequate. As the Process Receipt and Return indicates, Docket No. 9 at 3, the Summons and Complaint were served on "Jeffrey [sic] Jones" and signed by Alana Onorato, a secretary at Paterson City Hall, 155 Market St., Paterson, New Jersey. Therefore, the County was never properly served, as the City of Paterson and the County of Passaic are separate entities with distinct governing bodies.

Ordinarily, failure to serve is grounds for dismissal under Fed. R. Civ. P. 12(b)(5). Because Johnson is proceeding *in forma pauperis*, *see* Docket No. 2; 28 U.S.C. § 1915(d), this *pro se* plaintiff may enjoy a limited amount of additional leeway under Rule 4. Plaintiff is relying on the U.S. Marshals to effectuate service. Courts have also held that a *pro se* litigant suing *in forma pauperis* should not be held responsible for the Marshals' failure to serve process correctly, through no fault of the litigant. *See Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991). Nevertheless, dismissal may be appropriate if the failure of service is attributable to a *pro se* plaintiff's "'neglect' or 'fault,'" such as failing to provide sufficient information to identify or locate the defendant, and

the plaintiff fails to remedy the situation after being put on notice...." *Lopez-Perez v. DeRose*, 3:CV-11-0048, 2012 WL 750963, at *5 (M.D. Pa. Mar. 8, 2012) (citing Fed. R. Civ. P. 4(m)).

Under the circumstances, I might grant this *pro se* litigant, who relied on the U.S. Marshals to serve the County and Judge Reddin, additional time to properly effectuate service. As explained below, however, I find that Johnson's claims as to these three Defendants are deficient as a matter of law. Re-service of Judge Reddin and Passaic County would be a futile exercise.

### 2. Judicial Immunity

Judges enjoy absolute immunity from a suit for money damages for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978). Both federal and state courts recognize absolute judicial immunity as to the performance of judicial acts in the scope of the judge's jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *K.D. v. Bozarth*, 313 N.J. Super. 561, 568, 713 A.2d 546, 549 (App. Div. 1998) ("Judges are absolutely immune from liability for their judicial acts."). Judge Clark moves to dismiss the constitutional bail claim brought against her because Johnson's claim is based solely on her judicial acts. While Judge Reddin has not been served and, therefore, does not argue the merits of Johnson's substantive claim against him on his motion to dismiss, this analysis applies equally to the similar claim brought against him.

Johnson alleges that, on September 17, 2010, he appeared before Judge Reddin as part of the state criminal proceeding. Compl. ¶ 4. During this appearance, Judge Reddin increased Johnson's bail from $50,000 with a 10% option to $100,000 without a 10% option. *Id.* Johnson claims that this bail increase violated the Right to Bail Clause in the New Jersey Constitution as well as the Eighth Amendment of United States' Constitution. Johnson claims this is so because he had no criminal record, limited financial resources, and a stable residential and employment history. Thus, he was not a flight risk. *Id.*

Johnson alleges that, on May 16, 2011, he appeared before Judge Clark for a status conference in his criminal case. Although Johnson had met all of the requirements and conditions of his release and attended every required court appearance, Judge Clark revoked his bond and sent him back to Passaic County Jail. Compl. ¶ 2. Johnson makes an identical claim that Judge Clark's actions violated the state and federal constitutions.

Judicial immunity is immunity from suit, not just from damages. *Mireles v. Waco*, 502 U.S. at 11. Judicial immunity is not overcome by allegations of malice or bad faith. *Id.* To the contrary, absolute judicial immunity from suit may be overcome in only two sets of circumstances: where a judge commits a nonjudicial act, i.e., one not taken in the judge's judicial capacity, and where a judge commits an act, judicial in nature, but in the complete absence of jurisdiction. *Id.* 11–12 (citations omitted). The allegations of the Complaint come nowhere near this threshold.

In *Stump*, the Supreme Court announced a two-part test for determining whether an act is a judicial one. The first factor—whether the act was a function normally performed by a judge—relates to the "nature of the act itself." *Id.* at 362. Thus the inquiry is somewhat generic. "[I]f only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Mireles*, 502 U.S at 12. "If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Id.* at 12-13 (quoting *Stump*, 435 U.S. at 362). Accordingly, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, we look to the particular act's relation to a general function normally performed by a judge." *Id.* at 13. The second *Stump* factor—whether the parties dealt with the judge in his judicial capacity—looks to the "expectations of the parties." *Stump*, 435 U.S. at 362. In regard to the scope of a judge's jurisdiction, the relevant inquiry is whether the judge had subject matter jurisdiction over the subject matter before her at the time the challenged action occurred. *Id.* at 357.

Judge Clark and Judge Reddin are Superior Court Judges in the Criminal Division, Passaic vicinage. Article VI of the New Jersey Constitution provides that "[t]he Superior Court shall have original general jurisdiction throughout the State in all causes." N.J. Const. art. VI, § 3, ¶ 2. Further, the New Jersey Court Rules provide that "[a]t the defendant's first appearance before the judge, if the defendant is charged with an indictable offense, the judge shall: . . . (8) admit the defendant bail as provided in Rule 3:26." N.J. Ct. R. 3:4-2. Rule 3:26 states that "[a] Superior Court judge may set bail for a person charged with any offense." N.J. Ct. R. 3:26-2. It could not be more clear that the acts alleged—setting and revoking bail—were taken in the Judges' judicial capacity and involved a matter over which they had general

9

jurisdiction. *See Yeaple v. Naylor*, No. 09-CV-0163, 2009 WL 2588554, at *3 (M.D. Pa. Aug. 21, 2009) (finding that the defendant-judges were entitled to judicial immunity when, "viewing the facts in the light most favorable to Plaintiffs as the nonmoving party, Defendants were performing judicial acts within their jurisdiction when setting Plaintiffs' bail").

Accordingly, Judge Clark's motion to dismiss on this ground is granted because she is entitled to absolute judicial immunity regarding the acts alleged in Johnson's Complaint. Because Judge Reddin has not been served, he has not, in substance, addressed the claim against him. This analysis, however, applies in equal force to his act of setting Johnson's bail.

### 4. The County's Liability as Employer

The County also argues that it cannot be held liable for the acts of the individually named Defendants because they are not employees of the County. I agree and, therefore, will also dismiss the claims against the County on this ground, as Johnson does not allege any facts or additional claims specific to the County.[6]

Johnson names the County of Passaic as a defendant because he alleges that the County is responsible for its employees, presumably referring to individually named Defendants Clark, Reddin, Pfund, Da Silva, and Navarro, and that, therefore, the County is vicariously liable for damages caused by its employees. Compl. ¶ 1. It is very far from clear that the County, as employer, would automatically be liable for employees' acts. But we do not even reach that stage of the analysis. The fundamental flaw in Plaintiff's reasoning is that these individuals are not County employees. Even if they were individually liable, their actions could not be attributed to the County.

Judges are not County, but "state officials" in both federal and state case law. *See Screws v. United States*, 325 U.S. 91, 97, 65 S. Ct. 1031, 1033, 89 L. Ed. 1495 (1945) (referring to "police, prosecutors, legislators, and judges" as "state officials"); *Pulliam v. Allen*, 466 U.S. 522, 539, 104 S. Ct. 1970, 1979, 80 L. Ed. 2d 565 (1984) ("The intrusion into the state process would result whether the action enjoined were that of a state judge or of another state official."); *Hunter v. Supreme Court of New Jersey*, 951 F. Supp. 1161, 1178

---

[6] It should be noted that Miguel Filepe is a private individual who is not alleged to be associated with the County or with any governmental entity. Therefore, Johnson cannot maintain a respondeat superior claim for Felipe's actions.

(D.N.J. 1996), *aff'd sub nom. Hunter v. Supreme Court of N.J.*, 118 F.3d 1575 (3d Cir. 1997) (holding that a suit against state court judges in their official capacity was barred by the Eleventh Amendment); *Knight v. City of Margate*, 86 N.J. 374, 385, 431 A.2d 833, 838 (1981) (noting that municipal court judges are members of the judiciary and "vital constituents of the State's justice system"); *Greenberg v. Kimmelman*, 99 N.J. 552, 560, 494 A.2d 294, 298 (1985) (noting that a Casino Control Act amendment extended ethical restrictions to "state officials, including judges" in a matter involving a Superior Court Judge); *Warren v. Hudson Cnty.*, 135 N.J.L. 178, 181, 50 A.2d 877, 879 (1947) ("A county board of taxation is just as much a State agency, and its members State officers, as the county prosecutors of the pleas and the judges and clerks of the several district courts of this State are State officers."). The County is not the employer of persons who are State officials.

County prosecutors performing prosecutorial functions are also deemed to be state officials. "Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, 'they act as agents of the State,' and the State must indemnify a judgment arising from their conduct." *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Wright v. State*, 169 N.J. 422, 778 A.2d 443, 461–62, 464 (2001)); *see also Kelley v. Edison Twp.*, 377 F. Supp. 2d 478, 486 (D.N.J. 2005) (reasoning that county prosecutors, who can be superseded by the Attorney General in an investigation, "are considered agents of the State because of the constitutional and statutory scheme under which they operate"). [7] Therefore, so long as a county prosecutor's alleged liability stems from the discharge of her sworn prosecutorial duties, she is deemed a state official and a County cannot be vicariously liable for her actions.

Here, Johnson alleges that Prosecutor Pfunds intentionally neglected statements of two witnesses who confessed to falsely accusing Johnson, and that she secured an indictment before a grand jury based on this information. Compl. ¶ 5. He also alleges that Da Silva, who worked under Pfund, was responsible for the wrongful continuation of judicial proceedings against him e that she used the legal process to compel him to accept a plea offer. *Id.* ¶ 6. I

---

[7] A County may be liable, however, when prosecutorial defendants perform "administrative tasks unrelated to their strictly prosecutorial functions, such as . . . personnel decisions." *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996)).

am satisfied that these allegations fall within the sort of activities contemplated by *Hyatt v. Cnty. of Passaic*—namely, law enforcement and prosecutorial functions. These prosecutors were acting within their functions as State officials. The County therefore cannot be held vicariously liable for any alleged wrongdoing by these prosecutors.

Finally, Officer Navarro is an employee of the Paterson Police Department, not of the County. *See* Docket No. 9 at (Process Receipt and Return for Officer Navarro). The Paterson Police Department is a department of the City of Paterson. *See* http://www.patersonnj.gov/department/?fDD=5-0.; *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); N.J.S.A. 40A:14–118 (providing that New Jersey police departments are "an executive and enforcement function of municipal government"). As an employee of the City of Paterson, his actions cannot be imputed to the County.

Based on the foregoing, I am persuaded that Superior Court Judges and Passaic County Prosecutors performing prosecutorial functions are state officials and, as such, are not Passaic County employees. Officer Navarro is a municipal employee of the City of Paterson, and his actions cannot be imputed to the County under a respondeat superior theory. Therefore, to the extent that Johnson alleges liability against Passaic County arising from its status as employer to Judges Clark and Reddin, Prosecutors Pfund and Da Silva, and Officer Navarro, the Complaint must be dismissed.

### 3. Statute of Limitations

In addition, and in the alternative, Judge Clark and Passaic County raise the bar of the statute of limitations. A statute of limitations affirmative defense "may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna*, 514 F.2d 1092, 1094 (3d Cir. 1975)). If the time bar is not apparent from the face of the complaint, "then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.*

In New Jersey, a two-year statute of limitations applies to personal injury claims. N.J.S.A. § 2A:14-2. Though the Complaint does not specify under what law he brings each claim, any claims Johnson brings pursuant to 42 U.S.C. Section 1983 or the New Jersey Civil Rights Act are also governed by the two-

year statute of limitations. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006) ("Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued."); *see also Brown v. City of Newark*, CIVA09-3752, 2010 WL 1704748 (D.N.J. Apr. 26, 2010) (applying New Jersey's 2-year statute of limitations to claims under the New Jersey Civil Rights Act).

Thus, a two-year statute of limitations governs Plaintiff's false arrest, illegal search and seizure, and false imprisonment claims against the arresting officer, Defendant Navarro, Compl. ¶ 7, as well as his New Jersey Constitution and Eighth Amendment claims against Judges Clark and Reddin. Compl, ¶¶ 3, 4. These claims can either be pursued pursuant to Section 1983 or through New Jersey Civil Rights Act, N.J.S.A. 10:6–2.[8] *See Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987) (applying N.J.S.A. 2A:14-2's statute of limitations to Section 1983 claims). In either case, the statute of limitations is two years.

Johnson was arrested on September 15, 2010. Compl. ¶¶ 3, 4, 7. Bail was imposed on September 17, 2010 and revoked on May 16, 2011. Johnson did not file his Complaint in this Court until July 16, 2013. That was more than two years after Judge Clark allegedly revoked his bail. It is therefore apparent from the face of the Complaint that the claims related to his false arrest and imposition and revocation of bail are barred by the two-year statute of limitations.[9]

---

[8] "The New Jersey Civil Rights Act was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–44. (D.N.J. 2011). This District has uniformly interpreted the Act in parallel with Section 1983. *Id.*

[9] Plaintiff may also be asserting a cause of action for malicious prosecution and abuse of discretion under New Jersey common law. Construing the Complaint in the light most favorable to Johnson, it is not clear that those claims would be barred. *See Earl v. Winne*, 14 N.J. 119, 132, 101 A.2d 535, 542 (1953) (applying a six-year statute of limitations for claims of malicious prosecution and abuse of process).

13

## III. CONCLUSION

For the foregoing reasons, the Motions to Dismiss the Complaint will be granted. The claims against Defendant Judge Clark, Judge Reddin, and the County of Passaic are dismissed.

An appropriate Order will be entered.

Dated: May 23, 2014

**KEVIN MCNULTY**
**United States District Judge**