## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JEREMY JOHNSON,** | Civ. No. 13-cv-4363 (KM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **PASSAIC COUNTY, HONORABLE MARILYN C. CLARK, HONORABLE RAYMOND A. REDDIN, PROSECUTOR GINA PFUND, ASSISTANT PROSECUTOR GYSELLE DA SILVA, OFFICER NAVARRO, MIGUEL FELIPE,** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jeremy Johnson, appearing *pro se*, brought this action following his arrest and prosecution for disorderly conduct. Johnson alleges constitutional and common law claims against Passaic County and certain of the state officials involved in his arrest, detention, and prosecution. He also sues Miguel Felipe, a private individual.

This Court previously dismissed the Complaint against Defendant Passaic County. (Dkt. No. 15) The Court also dismissed the Complaint against Defendants Marilyn C. Clark and Raymond A. Reddin—state court judges who made decisions regarding Johnson's eligibility for bail. (*Id.*)

Now before the Court is a motion to dismiss by Defendants Gina Pfund and Gyselle Da Silva (the "prosecutors")—assistant prosecutors in the Passaic County Prosecutor's Office. For the reasons set forth below, the claims against these prosecutors will be dismissed. Several of the grounds for dismissal of the claims against the state actors apply to Officer Navarro as well, and require the

1

dismissal of all claims against him. Having disposed of all federal-law claims, I will also dismiss the state-law claims against Felipe for lack of jurisdiction.

## I.   BACKGROUND

The facts of this case were set forth in the Court's prior opinion (Dkt. No. 15, at 1-3) and need not be repeated in full here. With regard to the prosecutors' motion to dismiss, the relevant facts alleged in the Complaint can be briefly summarized. For purposes of this motion to dismiss only, the facts alleged in the Complaint are taken as true.

Johnson alleges that he was falsely arrested on September 15, 2010, for what he describes as a "disorderly persons offense." (Compl. Dkt. No. 1, at 8). I gather that it arose from an altercation with defendant Miguel Felipe, who then filed the police report that led to Johnson's arrest. (*Id.* at 9)

Johnson alleges that Defendant Pfund, the assistant prosecutor who initially prosecuted his case, intentionally disregarded the "confessions" of two witness who, he says, admitted to making false accusations against him. (*Id.* at 5) Pfund, despite her knowledge of these alleged exculpatory statements, obtained an indictment from the grand jury. Johnson maintains that the indictment, considered in light of the exculpatory witness statements, was not supported by probable cause.

Jonson next alleges that Defendant Da Silva, who took over the prosecution of his case after he was indicted, also interviewed "two primary witnesses" who stated that he "was innocent of the charges he face[d]." (*Id.* at 6) Johnson also alleges that Defendant Miguel Felipe, who made the initial police report that precipitated his arrest, confessed to Da Silva that "he had in fact provided false information to the police and to the Prosecutor, Gina Pfund." (*Id.* at 6-7) Johnson maintains that these confessions proved his innocence, but that Da Silva nonetheless "compel[led] [him] to [] accept a plea offer" so

2

that she could "accomplish credentials with her superiors," including Pfund. (*Id.* at 7, 8) Essentially, Johnson claims that Da Silva prosecuted him to further her career, and that as a result he suffered "economic injury" and "severe mental, physiological and emotional damages." (*Id.* at 7, 10)

Johnson filed the Complaint on July 15, 2013. Against Pfund, the Complaint asserts a claim for malicious prosecution. Against Da Silva, the Complaint asserts claims for violation of the Eighth Amendment and abuse of process. The Complaint does not state whether these claims are alleged against the defendants in their official or individual capacities.

On June 10, 2014, the prosecutors moved to dismiss the Complaint. (Dkt. No. 20-1) They argue that to the extent that Johnson alleges his claims against them in their official capacity, the Eleventh Amendment immunizes them from suit and deprives this Court of subject matter jurisdiction. To the extent he alleges the claims against them in their individual capacities, they are entitled to absolute immunity. Finally, they assert that Johnson's common law claims must fail because he did not comply with the notice requirement of the New Jersey Tort Claims Act. N.J.S.A. § 59:1-1, *et seq.*

Johnson did not file any papers in opposition to the prosecutors' motion to dismiss.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa,* 67 F. Supp. 2d at 438.

### B.     Rule 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard

is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Moreover, when the plaintiff is proceeding *pro se,* the complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III.   ANALYSIS

### A.   Eleventh Amendment (Prosecutors)

The defendant prosecutors were employed by the Passaic County Prosecutor's Office when the actions complained of by Johnson occurred. As such, they functioned as agents of the state. The Eleventh Amendment bars a federal court action against them in their official capacities.

The sovereign immunity conferred by the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" over states that have not consented to suit. *Blanciak v. Allegheny Ludlum Corp*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984)). This immunity extends to cases against state officials in their official capacities where it is shown that the state is the "real party in interest." *Edelman v. Jordan*, 415 U.S. 651, 662 (1974); *see also Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 712 (D.N.J. 2004) (noting that "[s]overeign immunity is routinely extended to...state officials acting in their official capacities where it is show that the state is the real, substantial party in interst"), *aff'd* 419 F.3d 267 (3d Cir. 2005) In a determining whether the state is the real party interest, Courts consider "the source of the of the money that would pay the judgment," "the status of the entity under state law," and "the entity's degree of autonomy." *Haybarger v. Lawrence County Adult*

5

*Prob. & Parole,* 551 F.3d 193, 198 (3d Cir.2008) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.,* 873 F.2d 655, 659 (3d Cir.1989)).

The Third Circuit has held that an action against a county prosecutor in her official capacity amounts to a suit against the state. *See Hyatt v. Cnty. of Passaic,* 340 F. App'x 833, 836-37 (3d Cir. 2009). County prosecutors serve as "agents of the state," and, if they are found to have engaged in misconduct, the state "would be liable for any judgment against them." *Id.* (citing *Wright v. State,* 169 N.J. 422, 778 A.2d 443, 461-62, 464 (2001)); *see also Laskaris v. Thornburgh,* 661 F.2d 23, 26 (3d Cir. 1981) (stating that a suit that seeks damages against a state official for actions taken in her official capacity functions as a suit against the state because "such retrospective relief necessarily depletes the state treasury"). Accordingly, the Eleventh Amendment bars federal courts from hearing such actions. *Hyatt,* 340 F. App'x at 837.

Pfund and Da Silva, then, were agents of the state, acting within their official functions. Any damages that Johnson could be awarded to redress his alleged injuries would necessarily "deplete the state treasury." *Laskaris,* 661 F.2d at 26. Insofar as Johnson alleges his claims against those two prosecutors in their official capacities, the Eleventh Amendment entitles them to sovereign immunity and deprives this Court of subject matter jurisdiction. The claims against the prosecutors in their official capacities must therefore be dismissed; they cannot be brought in a federal court.[1]

### B.   Prosecutorial Immunity

Johnson alleges that Pfund and Da Silva engaged in malicious prosecution and that Da Silva violated his Eighth Amendment rights. For

---

[1]   In addition, these actors in their official capacities are not "persons" who may be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

purposes of this section, I will treat these as claims against the prosecutors in their individual capacities. I will also make the plaintiff-favorable assumption that these are federal claims under 42 U.S.C. § 1983, as well as state tort law. They must nevertheless be dismissed, on grounds of absolute immunity.

Pfund and Da Silva, as prosecutors, are entitled to absolute immunity for all claims arising from the discharge of their prosecutorial duties. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430–31, including use of false testimony and suppression of evidence favorable to the defense. Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 Fed. App'x 666 (3d Cir. 2012) (non-precedential). The wrongful acts that Johnson attributes to the prosecutors—which seem mostly to consist of failing to credit exculpatory evidence[2]—were taken in exercise of their core functions as prosecutors.

These defendants, as prosecutors, are absolutely immune.

---

[2]   The validity of the claim, moreover, is far from self-evident. Probable cause is inherently "accusatory," not "adjudicatory." *United States v. Williams*, 504 U.S. 36, 51 (1992). It does not require certainty, or even balance, but a *prima facie* showing: "[P]robable cause does not require [the complainant] to evaluate the totality of circumstances, both inculpatory and exculpatory, as a trier of fact guided by a reasonable doubt standard." *Trabal*, 269 F.3d 243, 251 (3d Cir. 2001) (quoting *Carollo v. Supermarkets Gen.*, 597 A.2d 1105 (N.J. Super. Ct. App. Div. 1991)).

**C.     Failure to State a Federal Eighth Amendment Claim**

Johnson's claim against one of the prosecutors, Da Silva, cites the Eighth Amendment. The Complaint is not specific, but I construe this as a claim of excessive bail.[3] Even with its allegations construed in plaintiff's favor, the Complaint fails to state an Eighth Amendment claim.

"Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 423 (3d Cir. 2006), *citing Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Id.* at 423. To state an excessive bail claim under § 1983, in particular, the Plaintiff "must allege facts showing that his bail was excessive in violation of the Eighth Amendment." *Moore v. Carteret Police Dep't,* 2013 WL 5554411, at *8 (D.N.J. Sept. 20, 2013), *citing McKnight v. Taylor,* 2012 WL 5880331, at *7 (D.N.J. Nov. 20, 2012).

Johnson does not allege facts from which it could be inferred that any bail imposed on him was excessive. It does not allege any facts from which it could be inferred that Da Silva bore any responsibility. Johnson's Eighth Amendment claim must therefore fail. *See Bradley v. Connor,* 2014 WL 1404581, at *3 (D.N.J. Apr. 10, 2014) (dismissing the plaintiff's excessive bail claim for failure to state a claim where the plaintiff failed to allege any facts to show that his bail was excessive or that the defendants proximately caused his bail to be set too high).

---

[3]     Johnson explicitly alleged an excessive bail claim against Defendant Reddin, which the Court dismissed in its prior opinion. (Dkt. No. 15). There are no facts in the Complaint that relate to a claim for violation of the other rights conferred by the Eighth Amendment, *i.e.,* the ban on excessive fines or cruel and unusual punishments.

The Complaint fails to state an Eighth Amendment claim against Da Silva.

### D.    Failure to Provide NJTCA Notice (Prosecutors and Navarro)

Johnson asserts state-law claims for malicious prosecution against Pfund and for abuse of process against Da Silva. Against Officer Navarro, Johnson asserts state-law claims of "arrest without warrant, false arrest, illegal search & seizure and false imprisonment as according to N.J. Charge 3.12." (Compl. p.9, ¶7) (original capitalization omitted).[4]

I note in passing my earlier observation that the state-law claims against Navarro, like the parallel federal and state claims against Judge Clark and the County, would be barred by the two-year statute of limitations. (*See* Opinion, Dkt. No. 15, at 12-13.) My focus here, however, is Johnson's failure to meet the prerequisite of serving notice pursuant to the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, *et seq.* ("NJTCA").

Under the NJTCA, a plaintiff in a tort action against a public employee must provide notice of his claim no later than ninety days after the claim has accrued. N.J.S.A. § 59:8-8 ("[A] claim relating to cause of action for...injury or damage to person or property shall be presented...not later than the ninetieth day after accrual of the cause of action."); *see also Carmichael v. Pennsauken Township. Bd. of Ed.*, 462 F. Supp. 2d 601, 616 (D.N.J. 2006) (stating that the notice requirement applies to "public employee[s]"). This notice requirement applies to all common law tort actions, including actions for malicious

---

[4]    Navarro has never answered the complaint, but neither has Johnson pressed his claims or sought the entry of default. Were I faced by a motion for a default judgment, however, I would be constrained to deny it. *See generally  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *DirecTV, Inc. v. Asher,* 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (court must review merits and potential defenses before granting motion for default judgment).

prosecution and abuse of process. *See Velez v. City of Jersey City*, 180 N.J. 284, 296 (2004) (finding "no justification" for the notion that NJTCA's notice require did not apply to all "common law tort claims" against public employees liable under the Act). Where a plaintiff fails to provide notice, the suit will be dismissed. *See Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 489 (D.N.J. 2006).

Pfund, Da Silva, and Navarro are all public employees. Johnson does not allege that he complied with the NJTCA's notice requirement. Nor is there any indication in the record that the defendants ever received such notice within the statutory time frame. *See Epstein v. State*, 311 N.J. Super. 350, 355–56 (App. Div.), *certif. denied*, 155 N.J. 589 (1998) (barring claims for, *inter alia*, malicious prosecution based on plaintiff's failure to file timely notice of claim with local public entity).

Johnson's state law claims against Pfund, Da Silva, and Navarro are therefore dismissed for failure to comply with the notice requirements of the NJTCA.

## E.   Supplemental jurisdiction over state-law claims

I have dismissed all federal-law claims. *See* Points III.A-C, *supra;* Opinion, Dkt. No. 15. Setting aside the legal defects in the state-law claims, I exercise my discretion to decline supplemental jurisdiction over them. *See* 28 U.S.C. § 1367.  Those state-law claims include the claim that Miguel Felipe, as a private citizen, filed a false police report against Johnson.[5] (Compl. p.9, at ¶8)

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). I disposed

---

[5]    Felipe, like Navarro, has not answered the Complaint, but Johnson has not sought entry of default. At any rate, I would not grant a default judgment in the absence of jurisdiction.

of the federal claims at the motion-to-dismiss stage, on threshold grounds such as immunity and the statute of limitations. There has been a relatively small investment of the Court's and the parties' judicial resources, particularly as to the state claims. Dismissal of all state-law claims is therefore an appropriate exercise of discretion.

## III.   CONCLUSION

For the reasons stated above, the motion of defendants Pfund and Da Silva to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**. In addition, all remaining claims are dismissed. The net effect of this opinion and its predecessor (Dkt. No. 15) is that all claims are dismissed as to all parties.

An appropriate order will issue.

Date:  May 19, 2015

KEVIN MCNULTY, U.S.D.J.